UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>          Plaintiff,<br>    v.<br>TERRY WILLIAMSON,<br>          Defendant. | Case No. 2:15-cr-00127-MMD-VCF<br><br>ORDER |

**I.     SUMMARY**

Before the Court are two motions in limine filed by the government. (ECF Nos. 429, 433.) The Court has reviewed Defendant's responses (ECF Nos. 439, 440) and the government's replies (ECF Nos. 444, 445). For the reasons discussed below, the government's motions are denied.

**II.    MOTION IN LIMINE TO EXCLUDE DEFENDANT'S EXPERT (ECF NO. 429)**

The government seeks to exclude Defendant's expert witness, Suzanne Herring, on several grounds. The Court will address them in turn.

The government argues that testimony that the tax refunds were not linked to Defendant is not relevant because the government does not dispute that Defendant did not file the tax returns at issue. (ECF No. 429 at 3.) Defendant responds that his lack of participation in the object of the conspiracy is relevant. However, the Court cannot assess the relevance of Herring's anticipated testimony that the tax refunds were not linked to Defendant until the Court hears evidence as to the alleged conspiracy. Depending on how the government presents its case, Herring's testimony may be probative.

The government argues that Herring cannot present testimony as to bank records because the government's witness—Revenue Agent Kay Fall—will testify as to the bank records and summarize them for the jury. (ECF No. 429 at 3.) But testimony by the government's witness as to bank records would render testimony by Herring on the same subject relevant. The government appears to suggest that because its witness will testify about bank records, there is no need for Defendant to offer expert testimony on bank records. The government's position is deficient in many respects, including depriving Defendant of his right to a fair trial.

The government next argues that Herring is not qualified to testify as to the mechanics of setting up corporations. (ECF No. 433 at 5.) Defendant counters that Herring "has formed in excess of 50 entities on behalf of herself and others." (ECF No. 440 at 5.) Based on this representation, it appears to the Court that Herring is qualified to opine as to the mechanics of how a corporation is set up in Nevada.

Finally, the government argues that Herring should not be permitted to testify as to other subjects, including Defendant's intent, hearsay statements that would be improper under Fed. R. Evid. 703, and Defendant's 2014 tax returns. (ECF No. 433 at 3-4, 6-7.) Defendant responds that Herring will not testify as to Defendant's state of mind. (ECF No. 440 at 3.) As for the remaining issues relating to hearsay statements and Defendant's 2014 tax returns, the Court cannot assess their relevance or any Fed. R. Evid. 403 concerns without hearing further evidence. The Court thus reserves rulings on these two issues for trial.

**III. MOTION IN LIMINE TO ADMIT FRIENDLY FORD AND ARIZONA DOT RECORDS (ECF NO. 433)**

The government seeks to admit two items of evidence that are the subject of earlier rulings: (1) Friendly Ford records; and (2) Arizona Department of Transportation ("DOT") records. (ECF No. 433.) The government asserts that while Judge Boulware had previously ruled on these two items of evidence, the government presents them again in light of reassignment of this case. However, reassignment is not an excuse to seek a new

ruling. As Judge Boulware found, the relevance of the Friendly Ford records may be more appropriately assessed at trial. As for the Arizona DOT records, the government acknowledges that Judge Boulware permitted evidence of one vehicle registration in Arizona and of Defendant's driver's license. (ECF No. 445 at 3.) Exhibit A to the government's motion contains more than these two pieces of information.[1] For these reasons, the government's motion in limine (ECF No. 433) is denied.

**IV.  CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the motions before the Court.

It is therefore ordered that the government's motions in limine (ECF No. 429, 433) are denied.

DATED THIS 27th day of July 2018.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[1] Exhibit A includes what appears to be detailed Arizona DOT records. For example, Exhibit A contains a notation about "Dishonored Checks." (ECF No. 433-1 at 3.)